UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOMINIC CASTLEBERRY,

    *Plaintiff*,

v.

JOHN LNU, a/k/a Mark Doe,

    *Defendant*.[1]

                                      /

CASE NO. 12-CV-13346

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that the case against John LNU be *sua sponte* **DISMISSED WITHOUT PREJUDICE** for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**II.    REPORT**

    **A.    Procedural Background**

Plaintiff filed his original *pro se* complaint in state court and it was removed to this Court on the basis of federal question jurisdiction, 28 U.S.C. § 1331, on April 13, 2010. By order of U.S. District Judge Thomas L. Ludington, this case was referred to the undersigned magistrate judge for general pretrial case management on August 14, 2012. (Doc. 9.) The case has a somewhat lengthy procedural background. Suffice it to say, that this unnamed Defendant is the only remaining Defendant.

---

[1] Other Defendants were terminated from the case on August 15, August 28, October 16, October 22, October 23, 2012, and July 16, 2013.

On November 6, 2013, the Court entered an Order to Show Cause why the complaint against John LNU should not be dismissed for want of prosecution, referencing the fact that Plaintiff had not identified this unnamed Defendant nor had he served him within the 120 days provided for in Fed. R. Civ. P. 4(m). Plaintiff was given until November 15, 2013, to show cause. (Doc. 53.) To date, Plaintiff has not responded to the Order.

### B.     Governing Standards

When managing cases involving *pro se* litigants, the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation. However, the Court must also balance the defendant's right to a fair and timely resolution of the litigation, and therefore *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Rule 41(b) of the Federal Rules of Civil Procedure gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion County Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). When

deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted).

### C. Analysis & Conclusion

In this case, Plaintiff was instructed that a failure to respond to the Order to Show Cause would result in a recommendation that the case against John LNU be dismissed for want of prosecution. (Doc. 53.) I note that Plaintiff, although *pro se*, has participated in conferences, secured voluntary resolutions with several defendants, and managed his case with a level of comprehension exceeding that of most *pro se* litigants. Defendants generally have a right to a fair and timely resolution of the litigation, *Jourdan*, 951 F.2d at 110, and this Court has the duty to expeditiously manage its docket. In addition, "[i]n general, the use of unnamed defendants is not favored in the federal courts." *Haddad v. Fromson*, 154 F. Supp. 2d 1085, 1093 (W.D. Mich. 2001). Dismissal of Doe defendants is proper where a plaintiff fails to identify and serve any Doe defendants within the 120 days provided for in Rule 4(m). *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 345 (6th Cir. 2007)(declining to find constructive notice where the plaintiff never substituted real names for the Doe defendants); *Searcy v. County of Oakland, 735 F. Supp. 2d 759, 771* (E.D. Mich. 2010)("Rule 4(m) applies equally to the pseudonymous defendants.")

Since Plaintiff has failed to respond to the Court's Order, I suggest that the most appropriate course of action consistent with the purposes of Rule 41 is to *sua sponte* dismiss the case against Defendant LNU without prejudice for failure to prosecute.

3

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                s/ Charles E Binder
                                                CHARLES E. BINDER
Dated: November 19, 2013            United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and upon the following non-ECF participant via the United States Postal Service: Dominic Castleberry, P.O. Box 1086, Saginaw, MI 48606.

Date: November 19, 2013                    By    s/Patricia T. Morris
                                                                   Law Clerk to Magistrate Judge Binder